[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 832
The parties intermarried on May 21, 1977 in Benardsville, New Jersey. They have resided continuously in Connecticut since 1980. They are the parents of four children, three of whom are minors. They are Elizabeth, born April 30, 1983, George, born February 1, 1986, and Christopher, born July 29, 1987. The evidence presented indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The decision to terminate this relationship has resulted in a protracted battle that was costly to the parties in time, money and emotional drain. They were required to spend several days in court in addition to the nine days of trial. Both were ably represented by counsel who were well prepared for their presentations. Counsel were most helpful in assisting the court in understanding the many complex financial transactions involving the assets of the parties.
The plaintiff, age 44, enjoys good health. Within three years after graduating from college, she married the defendant. During the marriage she totally devoted her energies to being a homemaker and taking care of four children. She has no experience or ills required for meaningful employment.
The defendant is age 47. He also is healthy. He has spent the last twenty five years working in the family business. It is known as Carleton Stuart Corporation and it is a wholesale distributor for heating and air conditioning products. The defendant is an officer and shareholder and presently serves as president of Connair, a division of the corporation located in Connecticut.
Testimony was presented as to the causes for the breakdown of the marriage. Repeating the evidence would serve no useful purpose. The court finds that although both parties contributed to the failure of their marital relationship that the defendant must bear the greater responsibility.
The court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
The court finds the assets of the parties and their values to CT Page 833 be as follows.
(1) Equity in the jointly owned marital home located at 58 Briscoe Road, New Canaan, Connecticut, based on stipulated value of $1,775,000 less mortgage of $ 560,000 $ 1,215,000
(2) Escrow Account $ 2,288,000
(3) Assets in plaintiff's name:
a. Fleet Bank Money Account $ 3,500
b. Retirement Accounts $ 21,300
c. Stocks $ 389,600
d. Mutual funds $ 354,600 $ 744,200
e. Chase Account $ 458,000
 f. 1/4 int. Estate of Mother $ 275,000
 g. 1/4 Beneficiary of Trust $ 300,000 $ 1,033,000
 h. 1996 Audi Auto $ 28,500 $ 1,830,500
(4) Assets in defendant's name:
a. Bank accounts $ 9,000
b. Retirement accounts $ 392,300
 c. Life insurance cash surrender value $ 132,500
 d. Loan Receivable-Carleton Stuart $ 250,000[1]
 e. Note Receivable-Carleton Stuart $ 153,250
 f. 1997 tax escrow $ 26,400 CT Page 834
g. Ford Explorer $ 20,200
h. Balance due — stock sale $ 39,045
 i. AAA Account — Holdback After taxes $ 85,000
 j. Note Receivable from Saunders Enterprises $ 25,000
 k. 1998 Deferred Tax Account $ 40,900 $ 1,173,595
5. Defendant's Business Interests:
 a. Saunders Enterprises Including Magna Lubricants $ 28,500
 b. Saunders Legatees $ 50,000[2]
 c. Thermodyne Enterprises $ 355,000
d. Carleton Stuart (12.75%) $ 1,760,000[3] $ 2,193,500
 Total $ 8,700,595[4]
The following orders may enter:
(1) The parties shall have joint legal custody of the three minor children, Elizabeth, George and Christopher. The plaintiff shall have physical custody, and the defendant shall have reasonable and liberal visitation with the children upon reasonable notice to the plaintiff. No evidence was taken on the issue of custody or visitation. The court has entered the order of joint legal custody based on the requests of both parties. In the event the plaintiff decides to relocate with the children outside the state of Connecticut, she shall not do so without giving the defendant ninety days advance notice and an opportunity for him to agree to or dispute the relocation decision.
(2) The defendant shall by quit claim deed transfer to the plaintiff the entire interest of the defendant in the marital residence located at 58 Briscoe Road, New Canaan, Connecticut, subject to the outstanding mortgage. The CT Page 835 plaintiff shall be solely responsible for the mortgage and indemnify and hold harmless the defendant from any liability thereon.
(3) From the escrow account in the approximate amount of $2,300,000, the plaintiff is awarded the sum of $1,300,000 and the defendant is awarded the balance. This transfer shall take place no later than thirty days from the date of judgment.
(4) The defendant is awarded:
 a. his bank accounts approximately $ 9,000
 b. his retirement accounts $ 392,300
 c. his life insurance policy with cash surrender value $ 132,500
 d. Loan Receivable-Carleton Stuart $ 250,000
 e. Note Receivable-Carleton Stuart $ 153,250
 f. 1997 Tax escrow $ 26,400
g. Ford Explorer $ 20,200
 h. Capital Gains Tax $ 666,619 Escrow and shall indemnify and hold harmless the plaintiff from any liability thereon
 i. Balance due on stock sale $ 39,045
 j. Holdback after taxes on AAA escrow $ 85,000
 k. Note Receivable from Saunders Enterprise $ 25,000 CT Page 836
 l. 1998 Deferred tax account $ 40,900
$ 1,173,595
(5) The plaintiff is awarded:
 a. her bank accounts — $ 3,500 approximately
 b. Retirement accounts $ 21,300
c. Stocks $ 389,600
d. Mutual Funds $ 354,600 $ 744,200
e. Inherited Funds
1. Chase account $ 458,000
 2. 1/4 of Mother's Estate $ 275,000
 3. 1/4 Beneficiary $ 300,000 $ 1,033,000
 f. 1996 Audi auto $ 28,500
$ 1,830,500
 g. her interest in Corpus of trusts $ 379,000
(6) The defendant is further awarded his entire interests in the following business ventures:
 a. Saunders Enterprises Including Magna Lubricants $ 28,500
 b. Saunders Legatees $ 50,000
c. Thermodyne Enterprises $ 355,000
d. Carleton Stuart $ 1,760,000
 Total $ 2,193,500
(7) The defendant is further awarded his entire interests as a beneficiary in the M.K. Saunders Trusts. CT Page 837
(8) Any funds received on the loan receivable from Carleton Stuart corporation in excess of $250,000 shall be equally divided between the parties. The defendant shall advise the plaintiff as soon as the excess amount becomes due and payable. The defendant shall provide the plaintiff with all pertinent records from Carleton Stuart accounting for the payment of this obligation.
(9) a. The defendant shall pay to the plaintiff as unallocated periodic alimony and child support the sum of one hundred thousand ($100,000) dollars per year, payable in equal monthly installments, in advance. The payments shall commence on January 1, 1999 and continue on the first day of each month thereafter until the death of either party or the plaintiff's remarriage, whichever event first occurs.
A contingent wage withholding order may enter.
 b. The parties shall equally share in the tutoring charges for their minor children.
 c. This unallocated order is based on the defendant's base salary of $210,000, plus perquisites for travel and entertainment expenses, and the plaintiff's income of $62,000 per year, which includes capital gains which have annually been reinvested.
 d. As additional alimony and child support, the defendant shall pay to the plaintiff, 30% of his annual gross income, as hereinafter defined, he receives over his base salary of $210,000 per year.
The term "annual income" is defined for the purposes hereof to mean all earned income actually received by the defendant and all earned income which he has a right to receive in each calendar year commencing with the calendar year ending December 31, 1999 from any and all sources derived. "Annual earned income" shall include all income reported on his W-2 or other tax reporting devices, including without limitation, wages, salaries, bonuses, consulting and other fees, payments received under a covenant not to compete or similar contractual arrangement, commissions, director's fees, and other compensation for or by reason of past, present of future employment, self-employment, and borrowings CT Page 838 from corporations and businesses. "Annual earned income" shall also include profit from businesses, partnerships, and distributions as distributed.
 e. Commencing as of April 1, 2000, and on or before April 1 of each year thereafter as long as the defendant is obligated to pay alimony to the plaintiff, the defendant shall deliver to the plaintiff a computation describing the total amount of his "annual income" from all sources, immediately preceding the date of such statement. The plaintiff, upon request, shall have the right to examine the federal and other tax returns of the defendant filed with the IRS or other taxing authority for the year in question.
 In the event the plaintiff is entitled to an adjustment to the payments previously received, the adjustment shall be paid in a lump sum on or before May 10 of each year. For 1999 and other years in which the plaintiff does not receive payment pursuant to this provision for a full 12 month period, the amount of the escalator shall be prorated. The costs of reviewing the defendant's tax returns shall be borne by the plaintiff.
10. The defendant shall provide adequate medical and dental insurance for the children for so long as he has responsibilities to support or educate them. All unreimbursed medical and dental expenses for the children shall be shared equally by the parties. Section 46b-84(d) of the Connecticut General Statutes shall apply.
11. The defendant shall cooperate in the plaintiff's efforts to be maintained on the defendant's medical plan through COBRA. The plaintiff shall be responsible for the cost of her medical insurance after the date of transfer of her coverage.
12. As security for the defendant's obligation to pay alimony and child support, he shall name the plaintiff as beneficiary of $1,000,000 of life insurance on his life, so long as the defendant is obligated to pay alimony. Also, the defendant shall name each of his three minor children as beneficiaries of $250,000 each of life insurance on his life, for as long he is obligated to support them. The defendant shall annually furnish the plaintiff with proof of such coverage on March 1st of each year. CT Page 839
13. Each party shall be responsible for his or her own liabilities, including counsel fees, and shall defend, indemnify and hold harmless the other against said debts.
14. The parties shall mutually divide their personal property, including horses and equipment. In the event they are unable to agree, the issue is referred to the Family Services division for mediation. The court reserves jurisdiction on this issue if court action is required.
15. The defendant currently leases a Suburban automobile that is being used by the plaintiff. The plaintiff, at her option, may continue to use that motor vehicle and be solely responsible for all lease payments and other charges or she may return the vehicle to the defendant.
16. The defendant has executed a document entitled "College Tuition Agreed to be Paid by Jack Saunders," dated December 30, 1998, and entered as Exhibit #56. This document affirms the defendant's commitment to pay for the college education of his children. The instrument is approved by the court and its provisions shall be incorporated into the judgment.
17. The parties entered into a pendente lite stipulation providing that they would file joint 1998 Federal, States and Cities tax returns with the 1997 tax refund applied to the 1998 taxes due. The entire stipulation is approved and hereby ordered. It shall not merge into the judgment of dissolution but be implemented by the parties.
Judgment may enter accordingly.
NOVACK, J.